IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY SATTLER | ) |
| | ) |
| Plaintiff, | ) 2:23-CV-708-NR |
| | ) |
| v. | ) |
| | ) |
| BRIDGES HOSPICE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Courtney Sattler brings claims against her former employer Bridges Hospice, Inc., alleging that Bridges Hospice wrongfully terminated her employment because she was pregnant. ECF 1, ¶¶ 52-83. Bridges Hospice has moved to compel Ms. Sattler to arbitrate her claims, pursuant to a two-page arbitration agreement that she purportedly signed as part of her onboarding process. ECF 8. While Ms. Sattler does not dispute that the agreement's signature page (which does not contain terms or otherwise reference the arbitration agreement itself) bears her signature, she argues that she does not recall receiving or signing the arbitration agreement, and so could not have manifested an intent to be bound by it. ECF 13, pp. 3-5. She also points to physical disparities between the "agreement page" and the signature page to suggest that Bridges Hospice appended a different signature page to the arbitration agreement. *Id.* This, she argues, raises a factual dispute that must be resolved by a jury. *Id.* In the alternative, she alleges that the arbitration agreement is unconscionable and thus unenforceable. *Id.* at 4-8.

As explained in more detail below, the Court denies Bridges Hospice's motion. The agreement isn't unconscionable. But material factual disputes exist as to whether Ms. Sattler entered into the arbitration agreement, and under the Federal Arbitration Act, those disputes must be resolved by a jury at trial.

## LEGAL STANDARD

Courts apply the Rule 56 standard for summary judgment to motions to compel arbitration "when either (1) the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate, or (2) the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Cepikoff v. Stifel Fin. Corp.*, No. 19-1616, 2020 WL 4937499, at *1 (W.D. Pa. Aug. 24, 2020) (Horan, J.) (cleaned up).

Ms. Sattler's complaint does not suggest that her allegations may be subject to an enforceable arbitration agreement. Nor does the complaint rely on any supporting documentation. Thus, the Court will apply the Rule 56 standard, under which the Court will compel arbitration "where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 228 (3d Cir. 2012) (cleaned up). "Furthermore, in reviewing the record, we are required to view the facts and draw inferences in the light most favorable to the nonmoving party." *Id.* (cleaned up).

## DISCUSSION & ANALYSIS

"[B]efore compelling arbitration pursuant to the Federal Arbitration Act, a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). "To determine whether the parties agreed to arbitrate, we turn to ordinary state-law principles that govern the formation of contracts." *Id.* (cleaned up). A plaintiff may challenge the enforceability of an arbitration agreement based on state-law contract defenses, including unconscionability, to the extent it does not conflict with the FAA. *Quilloin*, 673 F.3d at 229.

Ms. Sattler argues that there is no valid arbitration agreement for two reasons: (1) she disputes that she ever signed the arbitration agreement, and (2) the agreement is otherwise unconscionable. ECF 13. The Court disagrees that the arbitration agreement is unconscionable, but finds that a fact issue exists as to contract formation.

The Court addresses unconscionability first, presuming for purposes of this issue that there is an agreement to arbitrate. "To prove unconscionability under Pennsylvania law, a party must show that the contract was both substantively and procedurally unconscionable." *Quilloin*, 673 F.3d at 230. "A showing of both procedural and substantive unconscionability is necessary—demonstrating only one or the other will not suffice." *Davis v. Cintas Corp.*, No. 18-1200, 2019 WL 2223486, at \*12 (W.D. Pa. May 23, 2019) (Hornak, C.J.).

Ms. Sattler cannot meet her burden because, at a minimum, she cannot show that the arbitration agreement is substantively unconscionable in any respect.[1] Specifically, she says that the arbitration agreement imposes non-mutual obligations since it requires her to arbitrate claims against Bridges Hospice, but permits Bridges Hospice to bring her to court for its own claims against her. ECF 13, p. 9. This one-sidedness, she asserts, "giv[es] rise to an inference of substantive unconscionability." ECF 13, p. 9 (citing *Hopkins v. New Day Fin.*, 643 F. Supp. 2d 704, 720 (E.D. Pa. 2009)). But even if Ms. Sattler is correct that the agreement creates non-mutual

---

[1] Though a party must establish both procedural and substantive unconscionability to succeed, courts in Pennsylvania often employ a "sliding scale" in analyzing both prongs (*i.e.*, more procedural problems means less substantive ones are needed, and *vice versa*). But, where, as here, there is no threshold showing of substantive unconscionability, the Court need not reach the question of procedural unconscionability. *See Davis*, 2019 WL 2223486, at \*15 ("And, because there has been no threshold showing of any substantive unconscionability at all, unconscionability cannot be demonstrated here even under a 'sliding-scale' approach.").

obligations,[2] her argument fails because "equivalent obligations are not required for a valid arbitration agreement." *Davis*, 2019 WL 2223486, at *12; *see also Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999) ("It is of no legal consequence that the arbitration clause gives [defendant] the option to litigate arbitrable issues in court, while requiring [plaintiff] to invoke arbitration.").

The inference that Ms. Sattler asks the Court to draw runs contrary to the core principle underlying the FAA—that arbitration agreements "substitute one procedurally fair forum for another." *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 364 (3d Cir. 2007) (citation omitted). There's nothing inherently unfair about arbitration, and inferring or presuming an agreement is unconscionable "simply because it channels only one party's claims to arbitration . . . conflicts with the intent of both the federal and Pennsylvania legislatures to place arbitration agreements upon the same footing as other contracts." *Allstate Ins. Co. v. Toll Bros., Inc.*, 171 F. Supp. 3d 417, 434 (E.D. Pa. 2016) (cleaned up); *see also Davis*, 2019 WL 2223486, at *12 (noting that "an arbitration agreement is not substantively unconscionable, even if it requires an employee to submit all of his claims to arbitration, if the agreement 'does not alter or limit the rights and remedies available to that party in the arbitral forum.'" (quoting *Edwards*, 497 F.3d at 364)).

Instead, the relevant question is whether the arbitration agreement limits a party's rights or remedies within the arbitral forum. *Edwards*, 497 F.3d at 364; *see Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 231 (3d Cir. 2008) ("We do not hold, and we believe the Pennsylvania Supreme Court did not hold, that unequal access to the courts can never be the basis for finding an arbitration agreement unconscionable. The conclusion in each case will depend on the circumstances.").

---

[2] For its part, Bridges Hospice asserts that the agreement "makes obvious that Bridges Hospice also is bound to arbitrate any dispute" arising between it and Ms. Sattler. ECF 14, p. 7.

There is nothing in this arbitration agreement that does so.

For example, the agreement states that the "parties shall be entitled to any and all remedies otherwise available in a court of law" and that the agreement doesn't "deprive" Ms. Sattler of any right to file an anti-discrimination charge. ECF 8-1. The agreement also doesn't impose a financial burden on Ms. Sattler; instead, as part of the agreement, Bridges Hospice bears the costs of arbitration, including the arbitrator's fees. *Id.* Also, the seat of the arbitration is a "location as reasonably close to the Employee's primary place of work." *Id.*

Thus, the Court concludes that the agreement here "merely shifts the forum for resolving disputes to arbitration while leaving the parties' rights and obligations under substantive law intact." *Sims v. EQT Corp.*, No. 13-1235, 2014 WL 4384593, at *11 (W.D. Pa. Sept. 4, 2014) (Kelly, M.J.). The Court cannot find that the arbitration agreement was substantively unconscionable, and so cannot invalidate it based on the defense of unconscionability. *Quilloin*, 673 F.3d at 230 ("An arbitration agreement cannot be construed as substantively unconscionable where it does not alter or limit the rights and remedies available to a party in the arbitral forum." (cleaned up)); *Williams v. Nabors Drilling USA, LP*, No. 13-1013, 2014 WL 710078, at *8 (W.D. Pa. Feb. 25, 2014) (Conti, J.) ("[B]ecause the Employees failed to show substantive unconscionability, procedural unconscionability is irrelevant.").

The Court next turns to whether Ms. Sattler agreed to arbitrate by manifesting an intent to be bound by the agreement. *See Barnes v. Festival Fun Parks, LLC*, No. 22-165, 2023 WL 4209745, at *4 (W.D. Pa. June 27, 2023) (Haines, J.) (state contract principles govern agreements to arbitrate, which require a mutual manifestation of intent to be bound, sufficiently definite terms, and consideration). Mere "naked assertion[s]" that a party did not intend to be bound are "insufficient" to place the formation of the arbitration agreement at issue, but "an unequivocal denial that the agreement had been made, accompanied by supporting affidavits" may suffice.

*Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 778 (3d Cir. 2013) (cleaned up).

Viewing the record in the light most favorable to Ms. Sattler, the Court finds that a factual dispute about contract formation exists because Ms. Sattler's declarations sufficiently allege that she never saw, let alone signed, the arbitration agreement. First, she asserts that she does not recall having received or signed the agreement. ECF 13, pp. 3-4; ECF 13-1. Second, Bridges Hospice says Ms. Sattler received copies of all onboarding materials, including the arbitration agreement, but Ms. Sattler doesn't have the agreement in her materials, suggesting that she was never given the agreement to sign. ECF 14-2; ECF 15-1. Third, she details a different version of events regarding her interactions with Cheri Watkins, the Bridges Hospice employee who signed the agreement on behalf of Bridges Hospice. ECF 13-1. Fourth, Ms. Sattler and her attorney inspected her file at Bridges Hospice and noticed that the folds on the arbitration agreement itself are different from the folds on the signature page, implying that Bridges Hospice could have pulled a separate signature page and appended it to the arbitration agreement later. ECF 13, pp. 4-5; ECF 13-1; ECF 15-1. And fifth, Bridges Hospice does not offer a basis by which to authenticate the signed arbitration agreement, such as pointing to an independent electronic record-keeping system, and instead relies on the credibility of its affiants. ECF 13, pp. 4-5. These circumstances taken together are enough to raise a triable issue of fact about contract formation. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-62 (3d Cir. 2009) (issue of material fact existed where plaintiff asserted that she was never given by-laws containing arbitration agreement, never signed agreement, and never agreed to arbitrate).

Normally, where the non-moving party states facts sufficient to place the agreement to arbitrate in issue, courts should permit the parties to engage in limited discovery on the question, after which the Court would invite renewed briefing.

*Guidotti*, 716 F.3d at 776. But the Court doesn't see a benefit in authorizing discovery here. Ms. Sattler has already inspected her file at Bridges Hospice, and the parties already appear to have the evidence that they need, as reflected in the declarations that they filed. In the Court's view, the record is sufficiently developed such that any discovery and additional briefing would bring the parties right back to this same posture. Since a dispute of material fact remains despite the developed record, a jury must resolve this question. 9 U.S.C. § 4.[3]

\* \* \*

**AND NOW**, this 29th day of September, 2023, it is hereby **ORDERED** that Defendant's motion to dismiss and compel arbitration (ECF 8) is **DENIED** without prejudice to have the issue resolved at trial. By separate order, the Court will schedule a trial in this matter.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[3] If the parties believe that discovery could meaningfully develop the record or is necessary in advance of trial, they may file a motion to seek leave to conduct limited discovery.